■ NORTH STAR REINSURANCE CORPORATION, Appellant-Respondent, v CONTINENTAL INSURANCE COMPANY et al., Respondents-Appellants.—Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered on or about April 18, 1990, which, *inter alia,* denied plaintiff North Star Reinsurance Corporation's motion for partial summary judgment and cross-motion for summary judgment, and denied defendant Continental Insurance Company's cross-motion for summary judgment, unanimously modified, on the law, to grant Continental's cross-motion for summary judgment for a declaration that it has no liability for common law or contractual indemnification under its $500,000 general liability insurance policy, policy number LI849967, and no liability under its policy of insurance number L2427947, obtained by Fresh Meadows insuring the State, and otherwise affirmed, without costs.

We modify only to the extent noted on the ground, first, that Continental's $500,000 policy excluded coverage for "bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury". Continental and North Star rely on this exclusion, while U.S. Fire contends that the stipulation of settlement entered into by the parties in the underlying action evidences Continental's agreement that the State only had a claim for contribution against Fresh Meadows, Continental's insured. Notwithstanding this stipulation, the evidence later developed in the record of this action establishes that the accident occurred through the use of equipment supplied by Fresh Meadows and used under its supervision, and that the State was not involved. To the extent that the settlement holds the State vicariously liable

for the wrong committed by Fresh Meadows—and U.S. Fire fails to allege, much less establish, any culpable conduct on the part of the State—the only claim by the State against Fresh Meadows lies in indemnification, a claim excluded from Continental's coverage *(see, McDermott v City of New York,* 50 NY2d 211). Similarly, while Continental's policy covers contractual indemnification, it excludes claims for "bodily injury * * * arising out of operations, within 50 feet of any railroad property, affecting any railroad bridge or trestle, tracks, road beds, tunnel, underpass or crossing." Continental established that the accident fell within this exclusion. U.S. Fire failed to respond, and, on appeal, raises for the first time a conclusory claim of estoppel that we reject *(Recovery Consultants v Shih-Hsieh,* 141 AD2d 272, 276).

Notwithstanding our finding that Continental acknowledged applicability of its policy number L2427947 to the underlying accident occurring in Suffolk County by way of the stipulation in the underlying action, this policy insuring the State should not apply because any payments on behalf of the State for vicarious liability would subrogate Continental to the State's claims against Fresh Meadows, the actual wrongdoer. This right of subrogation is not lost because of Continental's *separate* policy insuring Fresh Meadows, which we in any event deem inapplicable *(Hartford Acc. & Indem. Co. v Michigan Mut. Ins. Co.,* 61 NY2d 569, 573). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.