OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs to defendant Insurance Company of North America (INA), by reversing the grant of summary judgment to plaintiff State Insurance Fund (SIF) on the first cause of action and instead granting summary judgment to defendant dismissing that first cause of action and, as so modified, the Appellate Division order should be affirmed.
This is an action by one insurer, SIF, to recover from another insurer, INA, a pro rata contribution for a settlement paid in a personal injury action. The two insurers respectively insured Clay Drywall, Inc. (Clay), a third-party defendant in the suit brought by its employee against the owners of a building and others, on whose premises the employee was injured in an industrial accident. SIF insured Clay under a combined workers’ compensation and employer’s liability policy. INA coinsured Clay under a comprehensive general liability policy. SIF paid the workers’ compensation award of $19,411.33 and acquired a workers’ compensation lien against any recovery by the employee from third parties (Workers’ Compensation Law § 29 [1]). The employee sued the owners of the work premises and others, who impleaded Clay for contri *994 bution and indemnification. SIF paid Clay’s portion of the settlement, consisting of $150,000 "fresh money” and $19,411.33 in waiver of its workers’ compensation lien. SIF then brought this declaratory judgment action against INA asserting two causes of action seeking one half of the respective settlement components. The injured employee and the insured employer are not involved in this dispute.
Both insurers moved for summary judgment on both causes of action. Supreme Court and the Appellate Division agreed that SIF should recover one half of the $150,000 (i.e., $75,000) "fresh money” contributed to the liability settlement of the lawsuit. Supreme Court denied summary judgment to SIF on the second cause of action seeking one half ($9,705.66) of the value of the waived workers’ compensation lien. The Appellate Division modified by granting INA’s summary judgment motion to dismiss that second cause of action. This Court granted cross motions for leave to appeal and we now modify. The net effect of our Court’s decision is to dismiss SIF’s complaint.
We conclude that both of SIF’s causes of action should be dismissed because the plain English exclusion clause in INA’s policy, which insures Clay unambiguously, excludes from coverage "claims that arise from bodily injury that your [the employer’s] employees suffer on the job.” The unambiguous language makes the exclusion applicable to any claim arising from bodily injury, whether in contribution or indemnity or as an exception to Workers’ Compensation Law § 11. Coverage for these claims is excluded "in clear and unmistakable language” under the INA policy (see, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). This Court is not permitted to construe a clause in a way that drains it of its only intended meaning. To divine ambiguity here would violate that principle and would defeat the use of plain English language in this insurance policy and clause (see, Goldman & Sons v Hanover Ins. Co., 80 NY2d 986).
Neither the theoretical nature of third-party contribution lawsuits (see, Dole v Dow Chem. Co., 30 NY2d 143) nor our precedents (see, Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co., 45 NY2d 551) compel a contrary result in the context of our application of a clear policy exclusion in this case. The liability of the third-party plaintiffs and third-party defendant (Clay) both originate with the same injury to the employee, although under different theories (see, Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 603). Thus, the *995 INA policy exclusion for all claims for negligent personal injuries, including indemnification and contribution, brought against the insured-employer originating with the employee’s work-related injuries is operative.
In view of our analysis, there is no need to address other issues raised by the parties and no indirect inferencés with respect to any other aspects should be drawn from our resolution of this case.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order modified, with costs to defendant, by denying plaintiffs motion for summary judgment as to the first cause of action and vacating the damages award to plaintiff on that cause of action, and granting defendant’s cross motion for summary judgment dismissing the first cause of action and, as so modified, affirmed, in a memorandum.