*814
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, defendant’s cross motion for summary judgment granted, and the complaint dismissed.
 

 Summit Hoisting, a subcontractor on a construction site, had a worker’s compensation insurance policy with plaintiff North River Insurance Company and a comprehensive general liability policy with defendant United National Insurance Company. An employee who was injured on the job sued the general contractor, which in turn brought a third-party action against Summit. North River defended Summit in the third-party action and ultimately settled directly with the plaintiff employee. Meanwhile, North River sued United for a judgment declaring that United, rather than North River, was obligated to defend and indemnify Summit. The issue is whether coverage for North River’s direct payment to the plaintiff employee — which operated as an indemnification of the general contractor — is excluded by United’s policy.
 

 The policy exclusion relied upon by United reads as follows:
 

 "This insurance does not apply: * * * (j) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation of the insured to indemnify another because of damages arising out of such injury”.
 

 That same exclusion was at issue in
 
 Insurance Co. v Dayton Tool & Die Works
 
 (57 NY2d 489). There we reaffirmed that the first clause of this standard exclusion — "bodily injury to any employee” — did not encompass an employer’s liability in a third-party action because the employer was not directly responsible to the employee
 
 (id.,
 
 at 496 [citing
 
 Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.,
 
 45 NY2d 551, 556-558]). Further, we held that the second clause — "any obligation of the insured to indemnify another because of damages arising out of such injury” — did not encompass claims for contribution. When the policies in that case were issued, contribution was not recognized in most States, and thus it could not be said that the word "indemnify” unambiguously included contribution
 
 (id.,
 
 at 498).
 

 This appeal involves the same exclusion as
 
 Dayton Tool
 
 and the same nondirect liability of the employer. North River argues that the second clause of the exclusion does not ex-
 
 *815
 
 elude coverage for the indemnification claim here because the word "indemnification” is ambiguous. That argument must be rejected. The plain terms of the provision expressly cover the liability United seeks to exclude — an "obligation of the insured to indemnify another.” United therefore has no duty to pay and the complaint against it must be dismissed
 
 (see also, Commissioners of State Ins. Fund v Insurance Co.,
 
 80 NY2d 992 [refusing to construe insurance clause in a way that drains it of meaning]).
 
 *
 

 Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur; Judge Smith taking no part.
 

 On defendant’s appeal, order reversed, with costs, defendant’s cross motion for summary judgment granted and complaint dismissed, in a memorandum. Plaintiffs appeal marked withdrawn.
 

 *
 

 In its brief to the Court, North River expressly abandoned its appeal, and sought affirmance of the Appellate Division order. The application made at oral argument to strike the reply brief is denied.