DONALD M. PRINCE et al., Plaintiffs, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. SLAT-TERY-ARGRETT JOINT VENTURE Co., Third-Party Defen-dant-Appellant.

First Department, March 9, 1993

34

## APPEARANCES OF COUNSEL

*Frederick Bronson Simpson* of counsel *(James K. Sullivan* with him on the brief; *Ahmuty, Demers & McManus* and *Chesney, Murphy & Moran,* attorneys), for third-party defendant-appellant.

*Irwin H. Haut* of counsel *(Morris, Duffy, Alonso & Marulli,* attorneys), for third-party plaintiff-respondent.

## OPINION OF THE COURT

RUBIN, J.

This action arises from personal injuries sustained by plaintiff Donald Prince while employed by third-party defendant (originally named as a defendant) Slattery-Argrett Joint Venture Company (Slattery) on a construction project for defendant City of New York, in the course of which Slattery acted as general contractor. The City, by way of a cross claim, asserted that the contract obligates Slattery to indemnify it against any claim arising out of the activities of Slattery or its subcontractors.

Upon dismissal of plaintiff's direct action against Slattery, the cross claim was deemed to be a third-party complaint. Slattery then moved for leave to amend its answer to the City's third-party action to assert an affirmative defense based upon the insurance provisions of the contract pursuant to this Court's decision in *Michalak v Consolidated Edison Co.* (166 AD2d 213) and for summary judgment dismissing the City's action. Supreme Court (DeGrasse, J.), granted leave to amend the answer but denied summary judgment on the ground that the amended answer contained a counterclaim requiring service of a reply by the City (CPLR 3011). The briefs disclose that the issue of liability was then tried to a jury, resulting in a verdict against the City on the issue of liability for violation

of Labor Law § 240. Pursuant to that finding, Supreme Court directed a verdict in favor of the City on its third-party claim for indemnification against Slattery. Slattery thereupon brought a second motion for summary judgment seeking dismissal of the City's indemnification action by way of order to show cause. Supreme Court (White, J.) denied the motion, from which order Slattery appeals. The matter than proceeded to trial on the question of damages, resulting in a jury verdict of $335,000 in favor of plaintiffs.

It is not disputed that, pursuant to the contract, Slattery procured an "Owners Protective Liability and Property Damage Insurance" policy in the amount of $1,000,000 from CNA Insurance Companies (CNA) to protect the City "against claims for property damage and for personal injuries, including accidental death, caused by the operations of the Contractor or his subcontractors during the performance of work at the site or adjacent thereto." Slattery also purchased its own general liability coverage under a separate policy of insurance from CNA, likewise in the amount of $1,000,000. Neither policy names the other party to the contract as an additional insured. The Hartford Insurance Company was the excess liability carrier for Slattery. Amerisure (formerly Michigan Mutual Insurance Company) provided workers' compensation coverage and undertook the defense of Slattery in this action. The defense of the City was provided by CNA.

At issue on this appeal is whether CNA, as subrogee, can assert the City's claim for indemnification against Slattery under the provision of the contract requiring Slattery to "indemnify and hold the City harmless" with respect to claims arising from the performance of the contract by Slattery or its subcontractors. In support of this proposition, it is urged that the similarity of the facts of this case to those of *North Star Reins. Corp. v Continental Ins. Co.* (185 AD2d 187) mandates the conclusion that the policy issued to the City in this case is "inapplicable" to plaintiffs' claim. In both cases, a public entity was found to be vicariously liable for injuries sustained by a worker while in the course of performing work for a contractor engaged in connection with a public works project. In both cases, the contractor purchased separate insurance policies from the same carrier, one to provide the mandated protection to the governmental body pursuant to its obligations under the contract, and the other to provide it with general liability protection with respect to its activities in furtherance of the project. Unlike *North Star (supra),* how-

ever, no exclusion operates to exempt coverage for contractual indemnification under the general liability policy issued to Slattery by CNA. (In *North Star,* the exclusion for injuries sustained within 50 feet of railroad tracks operated to exempt the accident from coverage under the terms of the contractor's general liability policy.) Therefore, irrespective of the applicability of the City's policy, CNA is liable by reason of the contractual indemnification coverage provided in Slattery's general liability insurance policy. The affidavit in opposition to Slattery's motion on behalf of the City does not dispute this liability, but states that Amerisure (Michigan Mutual), as Slattery's workers' compensation carrier, shares pro rata in that liability as a coinsurer. Thus, if CNA can successfully assert the City's third-party action for indemnification and pay the claim under the contractual indemnification provision of the contractor's general liability policy, it will be able to shift some of the loss to Amerisure.

That Slattery is covered by a policy issued by CNA for the loss sustained by plaintiffs is highly significant in the context of this case, which is governed by considerations enunciated by the Court of Appeals in *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (68 NY2d 465). CNA's position is predicated on the traditional rule that an insurer, as a matter of equity, is entitled to pursue subrogation against "third parties", defined, in the *Austin Powder* case, as "one to whom the insurer owes no duty under the insurance *policy* through which its loss was incurred" (68 NY2d, *supra,* at 471 [emphasis added]). Under this traditional view of subrogation rights, it is therefore significant that the City, against which a liability verdict has been returned, obtained its insurance coverage under a separate policy issued by CNA. The Court of Appeals, however, went on to adopt a different rule, which it stated in the alternative: "On the other hand, it has often been said that an insurer may not be subrogated to a claim against its own insured, at least when the claim arises from an *incident* for which the insurer's policy covers that insured" *(supra,* at 471 [emphasis added]). Like *Austin Powder,* the incident giving rise to the injury in this case is one for which a policy issued by the insurer provides coverage, by way of its contractual indemnification provision. Also like *Austin Powder,* the assertion of the indemnification claim in this case constitutes a device by which the insurer attempts to recover from another of its own insureds for the very loss for which that insured purchased coverage (68 NY2d, *supra,* at 470-471).

As can be readily seen from CNA's representation of and subrogation to the position of the City in this action, its own interests are at considerable variance to those of its other insured, Slattery. Permitting the indemnification claim to go forward would involve CNA in an obvious conflict of interest given its obligation to defend Slattery on the same claim that it asserts on behalf of the City. Finally, Slattery's contractual obligation to indemnify the City does not require that Slattery bear responsibility for the loss. As the Court of Appeals observed, "the public interest in assuring integrity of insurers' relations with their insureds and in averting even the potential for conflict of interest in these situations must take precedence over the parties' private contractual arrangements" *(Pennsylvania Gen. Ins. Co. v Austin Powder Co., supra,* at 472).

Finally, the position advanced by CNA, as subrogee of the City, places undue emphasis on the issuance of separate policies to Slattery and the City to the extent of elevating form over substance *(Valentin v City of New York,* 187 AD2d 343, 344-345). It is clear that Slattery sought to obtain, from the same source, coverage against personal injury and property damage claims which might arise from its performance of work under its contract with the City. It should come as no surprise to an insurer which has issued policies for the protection of both the contractor and the municipality which has engaged its services that it is held liable for the very loss it has undertaken to insure against.

Accordingly, the order of the Supreme Court, New York County (Robert White, J.), entered October 17, 1991, which denied third-party defendant's motion for summary judgment to dismiss the City of New York's third-party action against it on the ground of preindemnification, should be reversed, without costs, and the third-party complaint dismissed.

The appeal from the order of the same court (Leland De-Grasse, J.), entered June 13, 1991, should be dismissed as moot.

MILONAS, J. P., ROSS and ASCH, JJ., concur.

Order of the Supreme Court, New York County, entered October 17, 1991, which denied third-party defendant's motion

38

for summary judgment to dismiss the City of New York's third-party action against it on the ground of preindemnification, is reversed, without costs, and the third-party complaint dismissed. The appeal from the order of the same court, entered June 13, 1991, is dismissed as moot.