▌ JOHN P. GLINSMAN, Plaintiff, v LONG ISLAND LIGHTING COMPANY, Defendant, LONG ISLAND RAIL ROAD COMPANY, Respondent, and COMMANDER ELECTRIC COMPANY, INC., Appellant. (And Third- and Fourth-Party Actions.) [601 NYS2d 330] —In an action to recover damages for personal injuries, Commander Electric Company, Inc., appeals from (1) so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated December 10, 1990, as granted those branches of the motion of the Long Island Rail Road which were to obtain contractual indemnification from Commander Electric Company, Inc., and to compel the latter to pay to the Long Island Rail Road the reasonable attorneys' fees incurred in defending the underlying action, and (2) so much of an order of the same court, dated April 19, 1991, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated December 10, 1990, is dismissed, as that order was superseded by the order dated April 19, 1991, made upon reargument; and it is further,

Ordered that the order dated April 19, 1991, is reversed insofar as appealed from, on the law, and the provisions of the order dated December 10, 1990, which granted those branches of the Long Island Rail Road's motion which were to obtain contractual indemnification from Commander Electric Company, Inc., and to compel the latter to pay the former's reasonable attorneys' fees are vacated, and it is further,

Ordered that Commander Electric Company, Inc., is awarded one bill of costs.

The Long Island Rail Road (hereinafter the LIRR) contracted with Commander Electric Company, Inc. (hereinafter Commander), to perform the removal of telephone poles located on a railroad right-of-way. Commander subcontracted the work to Kel-Ed Industries (hereinafter Kel-Ed), with the LIRR's approval.

Pursuant to a provision in the contract between Commander and the LIRR, Commander purchased a railroad protective liability insurance policy with Seaboard Surety Company (hereinafter Seaboard), naming the LIRR as the

insured thereunder. This policy covered all damages arising out of bodily injury and/or property damage, up to a limit of $1,000,000. Commander was not an additional named insured under the Seaboard policy. Pursuant to the contract between the parties, Commander also purchased a separate general liability policy with Transamerica Insurance Group (hereinafter Transamerica), naming Commander as the insured. A separate "hold harmless" provision in the parties' contract obligated Commander to defend and indemnify the LIRR against all claims, suits, loss, or liability for bodily injury or property damage.

As a result of a fall from a telephone pole located on the LIRR's property, Kel-Ed employee John P. Glinsman asserted this personal injury claim against the LIRR. Commander refused to defend the action, declaring that such defense was covered under Seaboard's policy which had been purchased for just such risks. Seaboard assumed the defense for the LIRR, and the LIRR subsequently cross-claimed against Commander for reimbursement of the fees and costs expended in the suit.

Commander contends that the purchase of the Seaboard policy in the name of the LIRR fulfilled its duties of defense and indemnification under the contract (see, Prince v City of New York, 189 AD2d 33, lv granted 191 AD2d 240; Valentin v City of New York, 187 AD2d 343, lv granted 191 AD2d 1054). We agree. "It should come as no surprise to an insurer * * * that it is held liable for the very loss it has undertaken to insure against" (Prince v City of New York, supra, at 37). In addition, we find that Commander's argument that it cannot be held liable for the indemnification of the LIRR because the railroad suffered no personal outlay of expenses is well taken as the insurance policy Commander obtained from Seaboard provided the LIRR with its contractually owed defense and indemnification (see, Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465). Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.