■ STATE OF NEW YORK, Respondent, v CAPITAL MUTUAL INSURANCE COMPANY, Appellant. [623 NYS2d 660] —Spain, J. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered February 14, 1994 in Albany County, which, inter alia, granted plaintiff's cross motion for summary judgment, and (2) from the judgment entered thereon.

This case involves the issue of the applicability of a pollution exclusion in a homeowner's policy to a claim for an oil spill remediated by plaintiff. In 1991, Dorothy O'Connell owned a home in the Town of Sand Lake, Rensselaer County, which was insured by a homeowner's policy issued by defendant for the period July 17, 1990 through July 17, 1993. The policy of insurance issued by defendant to O'Connell contains the following provision:

"EXCLUSIONS

"1. *Exclusions that Apply to Both Personal Liability and Medical Payments to Others*—This policy does not apply to liability * * *

"k. resulting directly or indirectly from the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse, body of water, bog, marsh, swamp or wetlands."

An underground 1,000-gallon petroleum oil storage tank was located on the premises and was connected to O'Connell's home heating system. On or about November 11, 1991, the Town, while plowing the roads after a snowfall, allegedly damaged the fill pipe to the storage tank. The damage allowed rain and surface water to enter the storage tank and displace approximately 300 to 500 gallons of fuel oil, which spilled onto the surrounding soil.

On November 26, 1991 the State Department of Environmental Conservation (hereinafter DEC) was notified of the spill. Upon investigation, a DEC environmental engineer determined that an emergency existed and an immediate cleanup was in order based on the threat that the fuel oil could enter the groundwater. The threat existed due to the large volume and high viscosity of the discharged fuel oil, the fact that the soil contained no impermeable barrier and that a neighbor's private well was only 20 feet away from the damaged fill pipe.

DEC immediately contracted with a private company to remedy the spill. The contractor excavated the contaminated soil which went to a depth of approximately four to five feet.* The cost of the remediation was $13,382.80. Plaintiff commenced this action directly against defendant to recover the costs pursuant to Navigation Law § 190.

Following joinder of issue, defendant moved for summary judgment. Plaintiff cross-moved for summary judgment. Relying upon this Court's decision in *State of New York v New York Cent. Mut. Fire Ins. Co.* (147 AD2d 77), Supreme Court held that because of the threat of groundwater contamination, the pollution exclusion in defendant's policy is inapplicable to the petroleum discharge at issue. Supreme Court denied de-

---

* The groundwater on the property was estimated to be at a depth of six feet.

fendant's motion and granted plaintiff's cross motion. We reverse.

As previously set forth in *Flynn v Timms* (199 AD2d 873), this Court, in the interpretation of an insurance contract, will give plain and ordinary meaning to clear and unambiguous language. To do otherwise may change the intended meaning of the language *(see, Commissioners of State Ins. Fund v Insurance Co.,* 80 NY2d 992). In the case at bar, unlike *State of New York v New York Cent. Mut. Fire Ins. Co. (supra)*, the insurance policy includes a pollution exclusion. The pollution exclusion states, in unambiguous terms, that "[the] policy does not apply to liability * * * resulting directly or indirectly from the discharge * * * of * * * pollutants into or upon land". The intended meaning of the exclusion is clear and unmistakable *(see, Commissioners of State Ins. Fund v Insurance Co., supra)* and it will be given effect. Defendant is entitled to summary judgment based on the applicability of the policy exclusion to the claim at issue.

Mercure, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, cross motion denied, motion granted, summary judgment awarded to defendant and complaint dismissed.