■ WAUSAU UNDERWRITERS INSURANCE COMPANY, Respondent, v CONTINENTAL CASUALTY COMPANY et al., Appellants. [647 NYS2d 196] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 12, 1995, which, upon an order granting plaintiff Wausau Underwriters Insurance Company's motion for summary judgment and declaring the third-party action brought against plaintiff's insured, H. Sand & Company, by Slattery-Argrett, subrogor of defendant Continental Casualty Company, constitutes an impermissible subrogation claim by Continental against its own insured, awarded plaintiff $280,839.74 against defendant Continental

and $500,000 against defendant Hartford, together with interest, unanimously affirmed, without costs.

On October 3, 1984, John Gardner sustained personal injuries while employed by H. Sand & Company, a subcontractor on a construction project for the City of New York, for which Slattery-Argrett (Slattery) acted as the prime contractor. The underlying personal injury action was commenced in September 1987, naming Slattery as well as Corbetta Courter, Buckley & Steers (Corbetta), the general contractor, as defendants. Plaintiff Wausau Underwriters Insurance Company, as the employer's liability carrier for Sand, shared the cost of its defense equally with defendant Continental Casualty Company, a CNA Insurance company (CNA). CNA had issued a general liability policy naming both Sand and Slattery-Argrett as insureds. Defendant The Hartford Insurance Group provided excess liability insurance coverage to Slattery.

On April 6, 1992, after Corbetta had moved for summary judgment dismissing the complaint against it, Slattery commenced the disputed third-party action against H. Sand & Company. When, later that month, Sand interposed the defense that Slattery's action was barred by public policy prohibiting an insurer from seeking subrogation from its own insured, CNA advised Wausau that it was disclaiming coverage of Sand under its general liability policy. As the basis for its disclaimer, CNA relied on a provision of the insurance contract excluding from coverage bodily injury sustained by an employee of its insured "or any obligation of the insured to indemnify another because of damages arising out of such injury".

The underlying action was settled by stipulation on June 12, 1992 for the sum of $1.5 million. It was agreed that Sand and Slattery are equally liable to Gardner for his injuries and that the issue of the propriety of the subrogation claim asserted on behalf of Slattery (subrogor of Continental) against Sand (Wausau's insured) would be deferred for resolution in the instant declaratory judgment action, commenced in August 1992. Plaintiff Wausau sought reimbursement for the sum it expended in defense of the action brought by Gardner asserting, as a basis, Continental's breach of its contractual obligation to provide a defense to Sand in the third-party action brought by Slattery. It also sought reimbursement from defendants for the $750,000 it paid to Gardner pursuant to the stipulation of settlement in the underlying personal injury action. By order entered June 16, 1994, Supreme Court granted plaintiff Wausau's motion for summary judgment against defendants, declaring the subrogation action to be in violation

of public policy. On May 12, 1995, judgment was entered in favor of plaintiff, requiring CNA to pay $250,000, together with legal fees in the stipulated sum of $30,839.74, requiring Hartford to pay the excess of $500,000, and awarding interest at the statutory rate.

On appeal, defendants maintain that the provision of CNA's insurance policy, covering both Slattery and Sand, exempting bodily injury sustained by an employee of the insured or any resultant claim for indemnification as a result of such bodily injury, brings this matter within the rule of *North Star Reins. Corp. v Continental Ins. Co.* (185 AD2d 187, *affd* 82 NY2d 281). In *North Star*, this Court noted (*supra,* at 188) that although a Continental insurance policy issued to the wrongdoer included coverage for contractual indemnification, it contained an exclusion for bodily injury (specifically, injury sustained within 50 feet of railroad tracks), rendering the policy "inapplicable" to the underlying loss. Thus, we held that it did not bar a subrogation action by Continental to recover the amount paid to the State of New York, which it insured under a separate policy covering the loss (*supra*).

While the facts of this matter share some obvious similarities with *North Star* (*supra*), they also involve some conspicuous distinctions. In this case, the culpable parties are insured under the same contract of insurance, which is arguably not therefore "inapplicable" to the underlying loss. While the provision of insurance coverage under two policies rather than one may be dismissed as no more than a distinction of form rather than substance (*Prince v City of New York*, 189 AD2d 33, 37, *affd* 82 NY2d 281), it is significant that, in *North Star*, the liability of the State was purely vicarious (185 AD2d, *supra,* at 188) in light of the exclusion in the tortfeasor's policy of indemnification claims. By contrast, in the matter at bar, it has been stipulated that the insureds are each liable for 50% of the damages sustained by the injured worker. The basis of the third-party claim sought to be asserted is therefore not indemnification but contribution.

Defendants, however, suggest that the Court of Appeals' ruling in *North Riv. Ins. Co. v United Natl. Ins. Co.* (81 NY2d 812), a case involving the identical indemnification exclusion, stands for the proposition that the distinction between indemnification and contribution is immaterial. They point to the Court's synopsis of and comment upon its ruling in *Insurance Co. v Dayton Tool & Die Works* (57 NY2d 489): that the clause—" 'any obligation of the insured to indemnify another because of damages arising out of such injury'—did not

encompass claims for contribution. When the policies in that case were issued, contribution was not recognized in most States, and thus it could not be said that the word 'indemnify' unambiguously included contribution" (81 NY2d, *supra*, at 814). Defendants conclude that this language is an "invitation * * * to disregard *INA v. Dayton Tool*." They go so far as to contend that "language identical to that used by Continental in this case clearly and unambiguously exclude[s] claims for contribution and indemnity."

A cursory review of the issue presented by *North Riv. Ins. Co. v United Natl. Ins. Co.* (152 AD2d 500, 501, *on remand* 172 AD2d 46, *revd* 81 NY2d 812, *supra*) reveals defendants' argument to be disingenuous. As this Court stated in that case, "United's argument is that while its clause does not apply to exclude third-party claims for contribution, it nevertheless operates to exclude claims for indemnification" (*North Riv. Ins. Co. v United Natl. Ins. Co.*, 152 AD2d, *supra*, at 501). While we held that United's contention was not supported (*supra*, at 501, citing *Insurance Co. v Dayton Tool & Die Works, supra*, at 499), the Court of Appeals, in reversing after remand, stated, "The plain terms of the provision expressly cover the liability United seeks to exclude—an 'obligation of the insured to indemnify another' " (*North Riv. Ins. Co. v United Natl. Ins. Co.*, 81 NY2d, *supra*, at 815). Thus, the precise issue resolved in the case is that the contested provision, identical to the exclusion at issue herein, operates to exclude claims for *indemnification*. The holding, however, does not address the issue raised by the matter under review—whether the exclusion also operates to bar claims for *contribution*.

This suggestion was expressly rejected in *Dayton Tool*, in which it was argued that an insured should interpret the exclusion to mean " 'no coverage existed for third party actions for injuries to his employees, without regard to the theory of liability there asserted'. If that is what was meant it could easily have been stated in those terms" (57 NY2d, *supra*, at 498-499). The Court's comment in *North Riv.*, relied upon by defendants, does no more than restate its observation in *Dayton Tool*, that "when the policies at issue on these appeals were issued in 1977 and 1979 contribution was not recognized as a form of indemnification and a clause which only excluded from insurance coverage an obligation to 'indemnify' would not also exclude liability for a claim seeking apportionment under the *Dole* case" (57 NY2d, *supra*, at 498).

The holding of *Dayton*, reiterated in *North Riv.*, is that the exclusion of claims for indemnity does not exclude claims for

contribution. There is no indication of any intent by the Court to abandon the distinction between contribution and indemnity as set forth in *Rock v Reed-Prentice Div.* (39 NY2d 34). As the distinction is now well appreciated, this Court need only observe that if CNA meant to exclude from coverage both claims for contribution as well as claims for indemnification, it could have clearly stated as much. Even assuming that the application of the clause, as written, to a claim for contribution is uncertain, such a reading "at best, simply reveals a potential ambiguity in the contract which, under settled principles, must be resolved against the insurance companies which drafted the policy (see, e.g., *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356)" (*Insurance Co. v Dayton Tool & Die Works, supra,* at 499).

*State of New York v Schenectady Hardware & Elec. Co.* (223 AD2d 783), also relied upon by defendants, involves an action by a worker injured in a fall from scaffolding in which the action against the State is predicated on its ownership of the premises. Thus, the State's third-party action against the employer sounds in indemnity, not contribution (Labor Law § 240 [1]). This Court therefore declines to follow the suggestion of that case, in dictum, that the subject exclusion relieves an insurer of liability "for indemnity or contribution" which arises from bodily injury to an employee (*supra,* at 785).

The public policy concerns stated in *Pennsylvania Gen. Ins. Co. v Austin Powder Co.* (68 NY2d 465) are squarely implicated in this matter. Having issued a policy to Sand providing coverage for the loss, CNA and its excess carrier, Hartford, cannot assert a claim "predicated on the traditional rule that an insurer, as a matter of equity, is entitled to pursue subrogation against 'third parties', defined, in the *Austin Powder* case, as 'one to whom the insurer owes no duty under the insurance *policy* through which its loss was incurred' (68 NY2d, *supra,* at 471 [emphasis added])" (*Prince v City of New York, supra,* at 36). In asserting the claim as subrogee of Slattery against Sand, for the purpose of offsetting some of its liability against Sand's Workers' Compensation carrier, CNA has placed its own interest above that of its insured and abrogated its duty to provide Sand with a defense to the underlying tort action (*Prince v City of New York, supra,* at 37).

In view of this disposition, we do not reach defendants' other contentions. Concur—Rosenberger, J. P., Rubin, Nardelli and Williams, JJ.