■ COVENANT INSURANCE COMPANY, as Subrogee of WESTMINSTER UNITED PRESBYTERIAN CHURCH, Plaintiff, v JONATHAN CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Appellant. TRAVELERS INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [654 NYS2d 405] —In an action to recover money damages for property damage, the defendant third-party plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered January 30, 1996, as, upon an order of the same court dated November 27, 1995, denying its cross motion for summary judgment declaring that Travelers Insurance Company has a duty to defend and indemnify it in the direct action, and for an award of attorney's fees and costs, and granting the motion of the third-party defendant Travelers Insurance Company for summary judgment, dismissed the third-party complaint insofar as it is asserted against the third-party defendant Travelers Insurance Company. The plaintiff's notice of appeal from the order dated November 27, 1995, was deemed a premature notice of appeal from the judgment (*see*, CPLR 5520 [c]) by order of this Court dated October 9, 1996.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The appellant contends that the exclusion in its insurance policy for property damage "resulting from the influx of rain, snow or hail through the roof of any such building or structure and arising out of your roofing operations" does not apply to it, because it performs carpentry, not roofing work. The damage at issue here occurred when the appellant peeled away the waterproof covering of the plaintiff's roof to install roof trusses. The appellant contends that the installation of roof trusses or

"other style roof structure[s]" is separate and distinct from "shingles or other waterproof layers traditionally installed by * * * tradesmen known as 'roofers'", and therefore cannot constitute a "roofing operation". We agree with the Supreme Court that the appellant's reading of the exclusion is "tortuous to the point of straining the exclusion clause beyond any reasonable intendment". The appellant's claim that the exclusion cannot apply to it or any of its operations, because it does carpentry work, would drain the exclusion of any meaning (see, Commissioners of State Ins. Fund v Insurance Co., 80 NY2d 992).

The appellant's remaining contentions are without merit, or need not be addressed in light of our determination. Copertino, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.