■ DELORES D. DOYLE, Respondent, v PAWTUCKET MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants. [667 NYS2d 755] —In an action, *inter alia,* for a judgment declaring that the defendant Pawtucket Mutual Insurance Company must defend and indemnify the plaintiff as a third-party defendant in an action entitled *Doyle v Donner d/b/a Springvale Farms,* pending in Supreme Court, Rockland County (Index No. 1027/95), the defendant Pawtucket Mutual Insurance Company appeals from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated October 2, 1996, which declared that it was obligated to provide the plaintiff with the requested defense and indemnification.

Ordered that the judgment is affirmed, with costs.

On October 18, 1992, Michael Doyle was injured while taking a horseback riding lesson from Mary Donner. A lawsuit was commenced alleging that Donner failed to match Mr. Doyle with a proper horse. Donner commenced a third-party action against Dolores Doyle, Michael Doyle's wife and the plaintiff in the instant declaratory judgment action, for contribution and indemnification on the ground that the horse upon which Mr. Doyle was riding at the time of the accident was owned by her. Dolores Doyle sought coverage under her homeowner's policy issued by the appellant. After the appellant disclaimed coverage, the instant declaratory judgment action was commenced.

Contrary to the appellant's contentions, the Supreme Court properly concluded that the policy provision excluding from coverage injuries to named insureds was not applicable under the circumstances of this case. Notwithstanding that the underlying incident resulted in injury to the plaintiff's husband and that he qualifies as an insured under the policy, the policy exclusion does not exclude Mary Donner's third-party claims for indemnification in a third-party action arising from the same injury (*see, Campanile v State Farm Gen. Ins. Co.,* 161 AD2d 1052, *affd* 78 NY2d 912 *for reasons stated below; see also, Graphic Arts Mut. Ins. Co. v Baker's Mut. Ins. Co.,* 45 NY2d 551; *Allstate Ins. Co. v Pestar,* 168 AD2d 931; *Kimball v Chautauqua Patrons' Ins. Assn.,* 158 AD2d 983). The appellant's reliance upon *Commissioners of State Ins. Fund v Insurance Co.* (80 NY2d 992) is misplaced. In that case, the policy exclusion was broadly worded to exclude all claims arising from bodily injuries to employees and thus the employer's claim for indemnification against a third-party claim fell within the exclusion (*see also, North Riv. Ins. Co. v United Natl. Ins. Co.,* 81 NY2d 812). Here, however, the relevant provision is narrowly drafted to exclude from coverage only direct claims of bodily injury by insureds (*see, Campanile v State Farm Gen. Ins. Co., supra*). As such, it does not clearly and unmistakably exclude the defense and indemnification of third-party claims, even where they arise as a result of an injury to an insured (*see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311; *Allstate Ins. Co. v Pestar, supra; Kimball v Chautauqua Patrons' Ins. Assn., supra*). Furthermore, the plaintiff did provide prompt, timely notification of the third-party action under the circumstances presented. Therefore, the court correctly declared that the appellant was obligated to defend and indemnify the plaintiff. Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.