■ Francis T. Behrens et al., Plaintiffs, v City of New York et al., Defendants. (And a Third-Party Action.) General Track Corporation, Fourth-Party Plaintiff-Appellant, v National Union Fire Insurance Company of Pittsburgh, Pa., Fourth-Party Defendant-Respondent. [720 NYS2d 64] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 26, 1999, which granted the motion by fourth-party defendant National Union Fire Insurance Company of Pittsburgh, Pa. to dismiss the fourth-party complaint and denied the cross motion by fourth-party plaintiff General Track Corporation for a declaration that National Union is obliged to defend and indemnify it under the parties' policy of insurance, unanimously modified, on the law, to the extent of declaring that National Union is not obligated to defend or indemnify General Track Corporation with respect to the underlying claim, and otherwise affirmed, without costs.

Having demonstrated that endorsement MS#7 expressly bars coverage for liability stemming from the injury sustained by fourth-party plaintiff General Track Corporation's employee in the course of his employment, fourth-party defendant insurer National Union was properly found to be under no obligation to defend or indemnify General Track with respect to the claim of that employee. The kind of exclusion here at issue is enforceable under New York law (*see, Commissioners of State Ins. Fund v Insurance Co. of N. Am.*, 80 NY2d 992; *Monteleone v Crow Constr. Co.*, 242 AD2d 135, *lv denied* 92 NY2d 818), and, indeed, this Court has previously granted summary judgment to National Union based upon an exclusion nearly identical to the one that is the subject of the present motion (*see,*

*id.*). Contrary to General Track's argument, the subject policy is not ambiguous by reason of the insurer's typographical error in referring in the subject endorsement to exclusion "J" instead of "E." The error notwithstanding, the exclusionary import of the endorsement is clear and, indeed, "susceptible of only one interpretation" (*Goldman & Sons v Hanover Ins. Co.*, 80 NY2d 986, 987). We modify only to declare in National Union's favor (*see, Lanza v Wagner*, 11 NY2d 317, 334).

We have considered appellant General Track's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Williams, Andrias, Wallach and Lerner, JJ.