■ A.J. McNulty & Co., Inc., Appellants, v Lloyds of London, Respondent. [762 NYS2d 372] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered on or about August 5, 2002, which, inter alia, granted defendant insurer's cross motion for summary judgment to the extent of declaring that it is not obliged to defend or indemnify plaintiffs in the underlying third-party actions and otherwise dismissing the complaint, unanimously affirmed, with costs.

Plaintiff construction project subcontractors are named insureds under a general liability policy issued by defendant Lloyds of London and under separate workers' compensation/employer liability policies issued by member companies of the American Insurance Group (AIG). When a number of workers on the subject project were killed or injured, and the workers or their estates commenced lawsuits against, among others, the general contractor, third-party actions for contribution and/or indemnification were brought against plaintiffs. Defendant furnished a defense to the defendants in the underlying actions, while AIG has defended plaintiffs in those actions in their capacity as third-party defendants.

Plaintiffs subsequently instituted this action, seeking a judgment declaring that, since they are also insureds under the Lloyds policy, defendant is obligated to defend and indemnify them in the underlying third-party matters. However, the motion court properly found that the employers' liability exclusion contained in the Lloyds policy expressly excludes coverage for bodily injury or death of an insured's employee arising out of, and in the course of, his employment by the insured, and such exclusions are routinely enforced (*see North Riv. Ins. Co. v United Natl. Ins. Co.*, 81 NY2d 812 [1993]; *Commissioners of State Ins. Fund v Insurance Co. of N. Am.*, 80 NY2d 992 [1992]; *Behrens v City of New York*, 279 AD2d 407 [2001]). Plaintiffs' AIG policies, we note, do not contain the exclusion relied upon by Lloyds.

Plaintiffs argue that defendant is precluded from relying upon the employers' liability exclusion because it did not timely

disclaim coverage as required by Insurance Law § 3420 (d). However, "[t]he timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*Matter of Allcity Ins. Co. [Jimenez]*, 78 NY2d 1054, 1056 [1991]), and since Lloyds had no reasonable basis upon which to disclaim coverage until on or about September 6, 2001, when plaintiffs served the papers in this declaratory judgment action, coverage was timely denied on or about September 26, 2001, when defendant filed its answer. Significantly, Lloyds supplied general liability insurance and a different insurer, AIG, provided compensation predicated upon injury or death to an employee, and Lloyds cannot, as plaintiffs propose, be charged with knowledge that a claim was being made against it based upon the mere filing of the third-party complaints.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Saxe, Rosenberger and Friedman, JJ.