■ HRH CONSTRUCTION CORPORATION et al., Appellants, v COMMERCIAL UNDERWRITERS INSURANCE COMPANY et al., Respondents. [783 NYS2d 351]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered July 11, 2003, which denied plaintiffs' motion for summary judgment declaring defendants liable to plaintiff insurer for half the cost of settlement of an underlying personal injury action, and granted defendants' cross motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff HRH was sued by the employee of a subcontractor for personal injuries sustained when he allegedly fell on the job site. HRH was named as an additional insured on the general liability policy issued by plaintiff American Casualty to plaintiff Cochran, another subcontractor implicated in the accident. HRH, which had contracted with defendant Atlantic Heydt to construct and install a sidewalk bridge, was also named as an additional insured on the general liability policy issued to Atlantic Heydt by defendant Commercial Underwriters Insurance Company.

When HRH was sued for personal injuries, it never impleaded or named Atlantic Heydt or its insurer in the personal injury action. American Casualty accepted the tender from HRH's primary general liability carrier (not a party herein) to defend and indemnify HRH in the underlying personal injury action, and settled that action on behalf of HRH and Cochran. Commercial Underwriters never responded to the tender of defense, and American Casualty now seeks to recover half the cost of the settlement from Atlantic Heydt and Commercial Underwriters, claiming, inter alia, that American Casualty and Commercial Underwriters were primary coinsurers of HRH, and the accident had arisen from actions of both Cochran and Atlantic Heydt.

To the extent that American Casualty is asserting a claim for partial reimbursement of insurance funds, it seeks recovery in tort for the proportionate share of liability allegedly attributed to Atlantic Heydt, and thus the basis of this claim should properly be classified as one for contribution, not indemnification (*see Wausau Underwriters Ins. Co. v Continental Cas. Co.,*

231 AD2d 414 [1996], *lv denied* 89 NY2d 812 [1997]). The right of HRH and American Casualty to seek contribution from Atlantic Heydt and its insurer terminated upon their settlement of the underlying personal injury action whereupon they obtained a release from liability pursuant to General Obligations Law § 15-108 (c). Plaintiffs cannot circumvent that statutory prohibition by presenting their claim as one for indemnification (*see Nielsen v Greenman Bros.*, 123 AD2d 850 [1986]). In any event, plaintiffs failed to prove that the underlying accident resulted from the work of Atlantic Heydt (which would thereby trigger coverage under the Commercial Underwriters policy), given the conflicting testimony adduced prior to settlement of the action as to the manner in which the accident occurred, as well as the fact that Atlantic Heydt was never implicated or named in the underlying personal injury action.

Moreover, plaintiffs have failed to establish that the instant dispute involves a coinsurance situation, which would entitle them to recover a ratable portion of the settlement paid by Commercial Underwriters, regardless of General Obligations Law § 15-108 (c). While both American Casualty and Commercial Underwriters provided primary insurance to HRH, they did not insure the same risk. The carriers insured HRH as to the risks associated with two separate subcontractors' individual work at the job site. Each insurer afforded coverage to HRH only for claims arising out of work performed by that carrier's primary named insured. Thus, the claims herein do not involve a coinsurance situation (*see National Union Fire Ins. Co. v Hartford Ins. Co.*, 248 AD2d 78 [1998], *affd* 93 NY2d 983 [1999]). Concur—Tom, J.P., Friedman, Marlow and Gonzalez, JJ.