◼ FISH KING ENTERPRISES et al., Appellants, v COUNTRYWIDE INSURANCE COMPANY, Respondent, et al., Defendants. [930 NYS2d 256]—

The plaintiff Jian Bin Yang was involved in a traffic accident while making deliveries for his employer, the plaintiff Fish King Enterprises (hereinafter Fish King). Yang's coworker, who was a passenger in the vehicle, allegedly suffered injuries and commenced a personal injury action against, among others, the manufacturers of the vehicle (hereinafter the underlying action). The defendants in the underlying action commenced a third-party action against the plaintiffs here for contribution and indemnification.

Fish King had a business auto insurance policy with the defendant Countrywide Insurance Company (hereinafter Countrywide). Through its broker, Fish King timely notified Countrywide of the accident. The broker also forwarded copies of the second third-party complaint, received by Countrywide on January 9, 2002, and the police report and summons and complaint

in the underlying action, received by Countrywide on January 17, 2002. On March 6, 2002, Countrywide disclaimed coverage, citing an employee exclusion.

The plaintiffs commenced this action, inter alia, for a judgment declaring that Countrywide is obligated to defend and indemnify them as third-party defendants in the underlying action. The plaintiffs moved for summary judgment declaring that Countrywide was obligated to defend and indemnify them as third-party defendants in the underlying action, and Countrywide cross-moved, in effect, for summary judgment declaring that it was not obligated to defend and indemnify the plaintiffs as third-party defendants in the underlying action. Prior to the motions being submitted, the underlying action was settled, with Countrywide contributing the policy limits. The issue of indemnification was thereby rendered academic, leaving the remaining issue of Countrywide's liability for legal fees, costs, and disbursements incurred relative to the defense of the underlying action. The Supreme Court, among other things, denied that branch of the plaintiffs' motion which was for summary judgment declaring that Countrywide is obligated to defend them as third-party defendants in the underlying action and granted that branch of Countrywide's cross motion which was, in effect, for summary judgment declaring that it was not obligated to defend the plaintiffs as third-party defendants in the underlying action. The plaintiffs appeal, and we reverse the order insofar as appealed from.

Countrywide did not waive its defenses to the issue of defense costs by settling the underlying action for the policy limits. "Waiver is an intentional relinquishment of a known right and should not be lightly presumed" (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]). There was no "clear manifestation of intent" on Countrywide's part to abandon its defenses to the issue of defense costs (*id.* at 968). Countrywide did, however, waive its current standing defense by failing to either make a pre-answer motion to dismiss on that basis or assert such as an affirmative defense in its answer (*see* CPLR 3211 [a] [3]; [e]; *Matter of Fossella v Dinkins*, 66 NY2d 162, 167 [1985]; *Country Pointe at Dix Hills Home Owners Assn., Inc. v Beechwood Org.*, 80 AD3d 643, 651 [2011]).

The Supreme Court erred in determining that Countrywide's disclaimer of coverage was timely pursuant to Insurance Law § 3420 (d). "The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (*Matter of New York Cent. Mut. Fire Ins. Co. v Steiert*, 68 AD3d

1120, 1121 [2009] [internal quotation marks omitted]; *see Continental Cas. Co. v Stradford*, 11 NY3d 443, 449 [2008]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]). An insurer who delays in giving written notice of disclaimer bears the burden of justifying the delay (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 69; *Quincy Mut. Fire Ins. Co. v Uribe*, 45 AD3d 661 [2007]). Here, Countrywide argued that, after its receipt of the summons and complaint in the underlying action, an investigation was required to evaluate the full extent of the actions and the identity of all relevant parties. However, the proffered basis for the disclaimer was that the plaintiff in the underlying action was an employee of Fish King, a fact which was readily ascertainable from the face of the complaint in the underlying action. Accordingly, the disclaimer, issued 49 days after Countrywide's receipt of that complaint, was untimely as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 66-69; *City of New York v St. Paul Fire & Mar. Ins. Co.*, 21 AD3d 978 [2005]; *Uptown Whole Foods v Liberty Mut. Fire Ins. Co.*, 302 AD2d 592 [2003]; *City of New York v Northern Ins. Co. of N.Y.*, 284 AD2d 291 [2001]; *cf. Halloway v State Farm Ins. Cos.*, 23 AD3d 617 [2005]).

Contrary to Countrywide's contention, the plaintiffs' request for defense and indemnity did not constitute a request by a coinsurer for contribution. Therefore, the requirements of Insurance Law § 3420 (d) applied (*cf. Sixty Sutton Corp. v Illinois Union Ins. Co.*, 34 AD3d 386 [2006]). Moreover, the plaintiffs are correct that the relied-upon employee exclusion, which excluded coverage for "[b]odily injury to any employee of the insured arising out of and in the course of his or her employment by the insured," did not exclude coverage for third-party claims for contribution and indemnity related to such injury (*see North Riv. Ins. Co. v United Natl. Ins. Co.*, 81 NY2d 812 [1993]; *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N.Y.*, 45 NY2d 551 [1978]; *Doyle v Pawtucket Mut. Ins. Co.*, 243 AD2d 603 [1997]; *cf. Commissioners of State Ins. Fund v Insurance Co. of N. Am.*, 80 NY2d 992 [1992]). While the plaintiffs failed to raise this contention before the Supreme Court, it may be reached by this Court as it is an issue of law that appears on the face of the record which, had it been brought to the attention of the Supreme Court, could not have been avoided (*see Romain v Grant*, 60 AD3d 838 [2009]; *Lischinskaya v Carnival Corp.*, 56 AD3d 116 [2008]; *Matter of Besedina v New York City Tr. Auth.*, 47 AD3d 924 [2008]).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry

of a judgment declaring that Countrywide is obligated to defend the plaintiffs as third-party defendants in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.