NAPANOCH REALTY CORP., Appellant, *v.* PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent.

Third Department, October 19, 1972.

*Philip Korn* for appellant.

*Appelbaum & Eisenberg (Bertram W. Eisenberg* of counsel), for respondent.

KANE, J. This is an appeal from a judgment of the Supreme Court in favor of defendant, entered January 18, 1972 in Ulster County, upon a dismissal of the complaint by the court at a Trial Term, at the close of the plaintiff's case.

Appellant contracted with a construction company to have a casino built on its premises and incident to the contract obtained a fire insurance policy with extended coverage including windstorm damage. In the course of construction, after 45 trusses had been installed and braced, the structure collapsed. The damaged portions of the structure were replaced and the construction was ultimately completed at a cost of $3,243.25 above the contract price of $19,921. Appellant sued respondent for breach of the insurance contract, seeking the additional cost as a loss resulting from windstorm.

The contractor testified that on the day of the occurrence there were hard gusts of wind whistling around the trusses which were swaying in the wind, and then there was a loud crack and the trusses began to fall domino-style to the ground. He estimated the wind velocity at 20 to 25 m.p.h., a conclusion supported by documentary evidence of weather observations about 20 miles away and the testimony of two other witnesses.

At the close of plaintiff's case, the court granted a motion to dismiss the complaint on the grounds that there was no proof of legal damage to appellant and that there was a burden upon appellant to produce expert testimony as to the definition of "windstorm". The motion should have been denied on both grounds and the case submitted to the jury.

Although appellant, at the time of trial, had not paid the additional cost to the contractor, the bill was submitted to him by the contractor who without question was looking to appellant for payment. This uncontradicted obligation constitutes a financial detriment to appellant and there is no condition precedent of payment of that obligation in order to establish a loss.

Whether or not the loss was caused by windstorm was, upon the evidence produced, a question of fact for the jury. (*Campbell* v. *Hartford Fire Ins. Co.,* 271 App. Div. 877; cf. *Perito* v. *North-*

*ern Ins. Co. of N. Y.,* 189 Misc. 204.) Absent a definition in the policy, a windstorm is a wind of sufficient violence to be capable of damaging the insured's property, either by its own unaided action or by projecting some object against it (11 Couch, Insurance 2d, §§ 42:335, 42:342; *Pearson* v. *Aroostook County Patrons Mut. Fire Ins. Co.,* 149 Me. 313; *General Ins. Co. of Amer.* v. *Davis,* 115 Ga. App. 804). An insured does not have a burden to produce expert testimony to define terms used in his insurance policy.

The judgment should be reversed, on the law and the facts, and a new trial ordered, with costs.

GREENBLOTT, J. P., SWEENEY, SIMONS and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and a new trial ordered, with costs.