■ MILDRED N. JOHNSON et al., Respondents, v HOME INDEMNITY COMPANY, Appellant, and NANCY ZINCK, Respondent. [601 NYS2d 347] —In a declaratory judgment action, the defendant Home Indemnity Company appeals from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered March 27, 1991, which, after a nonjury trial, declared that Comprehensive General Liability Insurance Policy No. GL-1477726, issued by the Home Indemnity Company, covered the one and one-half story bungalow owned by the plaintiff Mil-Nan Management Corporation, and afforded liability coverage to the plaintiffs with respect to the September 1, 1984, accident involving the defendant Nancy Zinck.

Ordered that the judgment is reversed, on the law, with costs, and it is declared that Comprehensive General Liability Insurance Policy No. GL-1477726 issued by the Home Indemnity Company does not cover the one and one-half story bungalow owned by the plaintiff Mil-Nan Management Corporation and does not afford liability coverage to the plaintiffs with respect to the September 1, 1984, accident involving the defendant Nancy Zinck.

On July 1, 1976, the plaintiff Mildred Johnson became the sole owner of a parcel of land located at the southeast corner of Commack Road and Moffitt Boulevard in Islip, New York. The parcel is improved by a three-story building which houses a restaurant and contains several rental apartments, by a one

and one-half story bungalow, and by a garage. Although the deed indicates that the entire parcel is known as One Commack Road, only the three-story building housing the restaurant bears that street address. The street address of the bungalow is 340 Moffitt Boulevard. Approximately five years after she acquired the parcel, the plaintiff Johnson transferred her interest in the property to the Mil-Nan Management Corporation (hereinafter Mil-Nan), a corporation of which she is the sole shareholder.

On September 1, 1984, the defendant Nancy Zinck was injured when she allegedly tripped and fell down a flight of stairs leading from the bungalow to a patio. At the time of the accident, the premises known as "One Commack Road" was insured by the defendant Home Indemnity Company (hereinafter Home Indemnity). Following the accident, Zinck instituted a personal injury action against Mildred Johnson and Mil-Nan, who then commenced this action seeking a judgment declaring the rights and obligations of the parties with respect to the Home Indemnity policy. At the conclusion of a nonjury trial, the Supreme Court concluded that the Home Indemnity policy covered all three structures located on the plaintiffs' property, and that the policy thus afforded the plaintiffs with liability insurance for the accident which allegedly occurred on the bungalow stairs. We now reverse.

It is well settled that where the provisions of an insurance policy "are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement" *(Government Empls. Ins. Co. v Kligler,* 42 NY2d 863, 864; *United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232). At bar, while the subject policy provided insurance coverage for the premises known as One Commack Road, it is undisputed that the bungalow which was the site of the accident in the underlying personal injury case was known as 340 Moffitt Boulevard. Moreover, while it is uncontroverted that the entire lot was approximately 23,000 square feet in area, the policy expressly provided that it covered an area of only 6,600 square feet. Significantly, the insurance broker who procured the Home Indemnity policy for the plaintiffs testified that the three-story structure which housed the plaintiffs' restaurant and rental apartments was 6,600 square feet in area. Under these circumstances, it is clear that the Home Indemnity policy was intended to provide insurance coverage only for the three-story building housing the plaintiffs' restaurant, and not for the bungalow bearing

the street address 340 Moffitt Boulevard. Thompson, J. P., Bracken, Balletta and Eiber, JJ., concur.