■ ROSEMARIE LITRENTA, Respondent, v NEW HAMPSHIRE INSURANCE CO., Appellant. [610 NYS2d 57] —In an action brought by the insured to recover for property damages under an insurance policy, the defendant New Hampshire Insurance Co. appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Miller, J.) dated May 5, 1992, as denied its cross motion for summary judgment in its favor.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

On January 31, 1987, the roof of the insured's building collapsed. The report of the insured's own expert, dated the same day, noted that there had been "significant accumulation of snow upon the roof" and concluded that "the building's structure failed under snow load and collapsed". The amended report of the insured's expert, dated more than five years later, stated that, in light of additional meteorological data supplied to him, that wind was "a contributing factor in the collapse of the building". The pertinent provision of the insurance policy insured against "windstorm" and excluded "loss

caused directly or indirectly by * * * snow or sleet, whether driven by wind or not".

Contrary to the findings of the Supreme Court, the pertinent provision of the insurance policy was not ambiguous *(see, Government Employees Ins. Co. v Kliger,* 42 NY2d 863; *State Farm Mut. Auto. Ins. Co. v Westlake,* 35 NY2d 587; *Johnson v Home Indem. Co.,* 196 AD2d 627; *Acorn Ponds v Hartford Ins. Co.,* 105 AD2d 723). Further, the insured's claim was clearly not covered under the policy *(see, Napanoch Realty Corp. v Public Serv. Mut. Ins. Co.,* 39 AD2d 438). Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.