■ SOUNDVIEW ASSOCIATES, Appellant, v NEW HAMPSHIRE INSURANCE COMPANY, Respondent. [625 NYS2d 659] —In an action for a judgment declaring that the plaintiff's loss is covered by an insurance policy issued by the defendant, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), dated July 22, 1993, which granted the defendant's motion for partial summary judgment and denied the plaintiff's cross-motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff, which owns and operates a golf course located in Baiting Hollow, New York, purchased a commercial, general liability insurance policy from the defendant for the period from November 15, 1990, to November 15, 1991. On June 10, 1991, the pumps that pumped water through the golf course's underground sprinkler system were damaged by lightning, and sand and silt entered the sprinkler system, rendering it inoperable. Without a working sprinkler system, the plaintiff's golf course sustained damage to its tees, fairways, and greens. The plaintiff submitted a claim for the damages to the defendant insurance company. The defendant denied those portions of the plaintiff's claim that were for the damage to the underground sprinkler system and to the tees, fairways, and greens. The plaintiff then commenced this declaratory judgment action.

It is well settled that, whenever an ambiguity is found in the provisions of an insurance policy, any doubt about the existence of insurance coverage should be resolved in favor of the insured and against the insurance carrier *(see, Lavanant v*

*General Acc. Ins. Co.,* 79 NY2d 623). However, when the provisions are clear and unambiguous, "the courts should not strain to superimpose an unnatural or unreasonable construction" *(Goldman & Sons v Hanover Ins. Co.,* 80 NY2d 986, 987). Moreover, they should not "construe a clause in a way that drains it of its only intended meaning" *(Commissioner of State Ins. Fund v Insurance Co.,* 80 NY2d 992, 994), and they should not find ambiguity where none, in fact, exists *(Acorn Ponds v Hartford Ins. Co.,* 105 AD2d 723; *Johnson v Home Indem. Co.,* 196 AD2d 627; *Miccio v National Sur. Corp.,* 170 AD2d 937).

The declarations pages of the insurance policy in this case clearly indicate that only certain buildings and their contents were covered by the policy. In addition, the form number for the endorsement covering tees, fairways, and greens is missing from the space provided for the listing of endorsements. Moreover, the policy defines "Covered Property," in part, as "building[s], meaning the building[s] or structure[s] described in the Declarations." Elsewhere, the policy states, "Covered Property does not include: * * * Land (including land on which the property is located), water, growing crops or lawns [and u]nderground pipes, flues or drains." Accordingly, the Supreme Court properly concluded that the policy does not cover the underground portions of the sprinkler system or the tees, fairways, and greens.

We have examined the plaintiff's remaining contentions and find them to be without merit. Balletta, J. P., Ritter, Altman and Goldstein, JJ., concur.