■ CHERYL SORRENTINO, Respondent, v ALLCITY INSURANCE COMPANY, Appellant. [645 NYS2d 515] —In an action to recover

for property damages pursuant to an insurance policy, the defendant appeals from (1) an order of the Supreme Court, Orange County (Owen, J.), dated March 13, 1995, which, *inter alia,* found that the plaintiff was entitled to recover from the defendant the principal sum of $28,500, and (2) a judgment of the same court, dated April 7, 1995, which is in favor of the plaintiff and against the defendant in the principal sum of $28,500.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff owned a building which sustained damage when its chimney collapsed, and commenced this action when the defendant carrier denied coverage on the ground that the plaintiff's loss was not caused by an event covered under the policy of insurance. The policy at issue insured against "direct loss caused by: * * * 3. WINDSTORM OR HAIL". The plaintiff maintained that a windstorm caused the chimney to collapse and thereby damaged the roof of the building. In awarding judgment in favor of the plaintiff, the Supreme Court held that there was a direct loss by windstorm. We agree.

The evidence produced at trial sufficiently established that the weather conditions occurring when the chimney collapsed constituted a windstorm *(see, Napanoch Realty Corp. v Public Serv. Mut. Ins. Co.,* 39 AD2d 438). In addition, we agree with the Supreme Court that the chimney's collapse was proximately caused by the windstorm *(see, Granchelli v Travelers Ins. Co.,* 167 AD2d 839; 18 Couch, Insurance 2d § 74:712, at 1022). Thompson, J. P., Copertino, Krausman and Florio, JJ., concur.