[646 NYS2d 904]

MONARCH CORTLAND, a Division of MONARCH MACHINE TOOL COMPANY, INC., Respondent-Appellant, v COLUMBIA CASUALTY COMPANY, Appellant-Respondent.

Third Department, August 22, 1996

## APPEARANCES OF COUNSEL

*Sugarman, Wallace, Manheim & Schoenwald,* Syracuse *(Timothy J. Perry* of counsel), for appellant-respondent.

*Hancock & Estabrook, L. L. P.,* Syracuse *(Alan J. Pierce* and *Carl W. Peterson* of counsel), for respondent-appellant.

## OPINION OF THE COURT

CASEY, J.

Defendant agreed to defend plaintiff in a personal injury action brought by William Simmons against plaintiff and others in Massachusetts (*see, Simmons v Monarch Mach. Tool Co.*, 413 Mass 205, 596 NE2d 318). The injuries to Simmons resulted from a tool change operation that involved products manufactured and supplied by plaintiff. The comprehensive casualty policy issued by defendant had limits of $1,000,000 per occurrence and $1,000,000 aggregate for personal injury and property damage. In the course of its defense of plaintiff, it appears that defendant rejected a demand for settlement in the amount of $950,000 prior to deposition of plaintiff's expert and upon counsel's belief that genuine issues of fact concerning plaintiff's liability remained.

Trial of the personal injury action resulted in a verdict in favor of Simmons in the amount of $1,125,000, plus preverdict interest of $766,125, less $416,000 paid by other parties who settled prior to trial, for a total of $1,475,125. Postjudgment interest accruing during the pendency of the appeal increased the total to $1,954,541. While defendant paid its full policy limit plus all postjudgment interest according to the terms of its policy, plaintiff was left to pay the remaining $475,125 in preverdict interest.

Plaintiff, which was also insured by Allianz Underwriters Inc. under an excess umbrella policy, attempted to collect from Allianz the amount of prejudgment interest it had paid and brought an action for that relief in United States District Court. That court, however, granted summary judgment to Allianz on the basis of untimely notice under the policy since Allianz was not notified by plaintiff until March 14, 1990.

Plaintiff thereafter commenced the instant action alleging in its first three causes of action that defendant was obligated to pay preverdict interest. The fourth cause of action alleged that defendant breached its implied contractual obligations of good faith and fair dealing by failing to notify Allianz of the potential for an excess judgment, evidenced by the settlement demand of $950,000, and by also failing to advise plaintiff to notify Allianz of the possible need for excess coverage. Both parties moved for summary judgment. Supreme Court found that while defendant was not obligated under the policy to pay preverdict interest, it had breached its duty to provide notice to both plaintiff and Allianz of the potential need for excess coverage. Both plaintiff and defendant appeal.

We modify the order and judgment of Supreme Court by granting defendant's motion for summary judgment in its entirety, inasmuch as we find no issue of fact in connection with plaintiff's fourth cause of action. The relevant issue raised by plaintiff's fourth cause of action is whether, in the particular facts and circumstances of this case, defendant's failure to inform plaintiff or plaintiff's excess insurance carrier of plaintiff's possible exposure to liability in excess of the limits of the primary policy issued by defendant constitutes a breach of the duty to carry out plaintiff's defense in good faith. To succeed on its claim, plaintiff must show that defendant's conduct amounted to a " 'gross disregard' " of plaintiff's interests, "that is, a deliberate or reckless failure to place on equal footing the interests of its insured [plaintiff] with its own interests" (*Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 453).

There is no evidence in the record that defendant acted deliberately or even recklessly. Nor is there anything in the record to suggest that defendant put its own interests ahead of plaintiff's interests; defendant had nothing to gain by not informing plaintiff of possible excess liability. The record also demonstrates that defendant kept plaintiff informed of all the relevant facts, so that plaintiff had essentially the same information as defendant on which to form an opinion as to the need to notify the excess carrier. As the insured, plaintiff clearly had the obligation to notify the excess carrier "as soon as practicable" pursuant to the terms of the excess policy. Having had essentially the same information as defendant, plaintiff should not be permitted to shift to defendant the responsibility for failing to notify the excess carrier, an obligation imposed on plaintiff alone by its contract with the excess carrier. At most, plaintiff's evidence establishes defendant's erroneous

belief that plaintiff's liability would not exceed the primary policy limits. Such an error in judgment cannot serve as the predicate for a bad-faith action (*see, supra*). For these reasons, the order must be modified to also grant defendant's motion as to the fourth cause of action in the complaint.

We reject plaintiff's argument that defendant is obligated to pay preverdict interest pursuant to its policy. An express provision in the policy will give rise to such an obligation (*see, Agriculver Profit Sharing Plan v Dryden Mut. Ins. Co.*, 145 AD2d 811), but the absence of an express provision in the policy at issue clearly establishes the parties' intent that the policy not cover preverdict interest (*see, Soundview Assocs. v New Hampshire Ins. Co.*, 215 AD2d 370). Nor do we find any merit in plaintiff's claim that the amount of the final judgment in the personal injury action should have been calculated under New York law instead of Massachusetts law.

MERCURE, J. P., CREW III, PETERS and SPAIN, JJ., concur.

Ordered that the order and judgment are modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiff's cross motion for summary judgment as to the fourth cause of action of the complaint and denied defendant's motion regarding said cause of action; cross motion denied and motion granted as to the fourth cause of action, and summary judgment awarded to defendant dismissing the fourth cause of action; and, as so modified, affirmed.