■ JOSEPH CATALANOTTO et al., Respondents, v COMMERCIAL MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants. [681 NYS2d 683] —White, J. Appeal from an order of the Supreme Court (Connor, J.), entered March 18, 1998 in Greene County, which denied a motion by defendant Commercial Mutual Insurance Company for summary judgment dismissing the complaint against it.

At issue is whether defendant Commercial Mutual Insurance Company (hereinafter defendant) established as a matter of law that a homeowner's insurance policy it had issued to plaintiffs did not provide coverage for a loss they sustained when a garage located on the insured premises situated in the Town of Cairo, Greene County, collapsed. We hold that it did not and, accordingly, affirm Supreme Court's order denying defendant's motion for summary judgment in this breach of contract action.

A defendant moving for summary judgment has the initial burden of coming forward with admissible evidence showing that the plaintiff's cause of action has no merit (see, GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967). This case centers on defendant's promise to insure plaintiffs' property against direct physical loss caused by 10 enumerated perils, such as fire, wind storm or explosion. Thus, to prevail herein defendant had to establish either that plaintiffs' loss was not

caused by any of these 10 perils or that it was excluded from coverage. With respect to the former, defendant claims to have met its burden in light of plaintiffs' admission that the loss was due to a collapse which is not one of the 10 perils listed in the policy. We do not concur with this argument because the word "peril" as commonly understood by the average person does not encompass "collapse", a word which more suitably connotes the effect resulting from a structure's exposure to external forces rather than a probable cause of a loss like wind or fire (*see, Morey v Security Mut. Ins. Co.*, 245 AD2d 852; *see also*, Webster's Third New International Dictionary 443, 1680 [unabridged 1961]).

Therefore, as noted by Supreme Court, the determinative issue is whether the garage's collapse was caused by any of the enumerated perils. On this point, defendant offered no evidentiary materials eliminating the perils as the cause of the collapse. Instead, its evidentiary submissions focused on the policy's exclusion of snow and ice-related losses. To show that this exclusion applied, defendant relied on plaintiffs' insurance agent's pretrial deposition wherein she testified that plaintiff Barney Catalanotto told her that he believed the garage collapsed because of the weight of the snow. Catalanotto, on the other hand, testified that he does not know what caused the collapse and when he discovered it in March 1993, there was no snow on the garage's roof. Presented with this record, we have no difficulty in finding that defendant fell far short of establishing as a matter of law that the subject exclusion applies in this case (*see, Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652). In any event, the credibility issue created by the foregoing conflicting testimony must be left to the trier of fact to resolve (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 631).

Inasmuch as defendant failed to make a prima facie showing of entitlement to judgment as a matter of law, we need not consider its arguments regarding the sufficiency of plaintiffs' opposing papers (*see, Christiana v Benedictine Hosp.*, 248 AD2d 910; *Flacke v NL Indus.*, 228 AD2d 888, 890).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.