■ PETER R. FERNANDES et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [758 NYS2d 729] —Appeal from a judgment of Supreme Court, Onondaga County (Stone, J.), entered November 29, 2001, upon a dismissal of the complaint at the close of plaintiffs' proof.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this contract action seeking damages for the collapse of the roof on their two-family home in Syracuse on the ground that it is a covered loss under their homeowner's policy with defendant. Supreme Court properly granted defendant's motion for a directed verdict at the close of plaintiffs' proof on the ground that plaintiffs failed to establish a prima facie case. Although the policy at issue provides coverage for property damage caused by, inter alia, windstorm, that provision excludes any loss caused by "frost, cold weather, ice, snow or sleet, * * * whether wind driven or not," as well as any loss "inside a dwelling * * * caused by rain, snow, sleet, * * * unless the wind * * * first damages the roof * * * and the wind forces rain, sleet, snow, * * * through the opening."

On a motion to dismiss a complaint at the close of proof pursuant to CPLR 4401 based upon a plaintiff's failure to establish a prima facie case, the evidence must be viewed in the light most favorable to the nonmovant, who must be accorded "every favorable inference which may properly be drawn from the evidence" (*Butler v New York State Olympic Regional Dev. Auth.*, 292 AD2d 748, 750 [2002]). Pursuant to the unambiguous language of the policy, plaintiffs were required to establish that the damage was a "covered loss" (*see Mattimore v Patroon Fuels*, 103 AD2d 981, 982 [1984]; *Perito v Northern Ins. Co. of N.Y.*, 189 Misc 204, 205 [1947]; *see generally Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 220 [2002]). In granting defendant's motion, the court properly determined that "there was simply no valid line of reasoning and permissible inferences" which could possibly lead a trier of fact to conclude that the windstorm on Labor Day weekend in 1998 had caused the roof to collapse on January 17, 1999, as alleged by plaintiffs (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Nor did the court err in precluding plaintiffs' expert from testifying that in his opinion the damage to plaintiffs' roof was proximately caused by wind damage (*see generally Granch-*

*elli v Travelers Ins. Co.*, 167 AD2d 839 [1990]). That opinion was inadmissible because it was not based on facts in the record or personally known to the witness. An expert cannot base his conclusion on assumptions of material facts not supported by evidence (*see Cassano v Hagstrom*, 5 NY2d 643, 646 [1959], *rearg denied* 6 NY2d 882 [1959]; *cf. Napanoch Realty Corp. v Public Serv. Mut. Ins. Co.*, 39 AD2d 438, 439 [1972]).

Finally, even assuming, arguendo, that the court erred in excluding the testimony of plaintiffs' meteorologist concerning past snowfall levels in the greater Syracuse area, we conclude that the error is harmless. Plaintiffs' burden was to prove that the loss was caused by windstorm, and thus testimony establishing that the roof had withstood certain snowfalls in the past was not relevant to the issue herein, i.e., whether the collapse of the roof was caused by wind. "When the precise cause of a happening is left to conjecture and may be as reasonably attributed to a condition for which no liability attaches as to one for which it does, then [a] plaintiff is not entitled to recover and the evidence should not be submitted to the jury" (*Perito*, 189 Misc at 205). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Lawton and Hayes, JJ.