■ NICOLE A. DeSOIGNIES, Respondent, v CORNASESK HOUSE TENANTS' CORP., Appellant. [800 NYS2d 679]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered August 5, 2004, which, to the extent appealed, granted plaintiff's motion for reargument and determined that plaintiff was not in violation of the terms of her proprietary leases, nullified three orders to cure served on plaintiff on May 25, 2002, and granted plaintiff attorneys' fees, unanimously reversed, on the law, without costs, plaintiff's motion denied, the balance of the order vacated, and the order, same court and Justice, entered September 9, 2003, reinstated.

In 1972, 1973 and 1980, plaintiff purchased the shares allocated to three cooperative apartments, 1B, 2B and 5A (the Apartments) at 238 East 84th Street, a building owned by defendant. She never lived in any of the Apartments and has

subleased them for over 25 years. Plaintiff claims that prior to this litigation, she uniformly submitted applications to defendant's board of directors (the Board) before entering into sublet agreements. For example, in July 1997, plaintiff sublet apartment 2B for one year, with the Board's approval. That subtenant remains in possession of apartment 2B as a month-to-month tenant. In March 2001, plaintiff sublet apartment 1B, also with the Board's approval, and thereafter extended that subtenancy for an additional year. In January 2000, plaintiff sublet apartment 5A for one year, with defendant's approval. This subtenancy was extended for a period of time on a month-to-month basis. Plaintiff re-sublet apartment 5A on May 25, 2002 to another subtenant without the Board's approval and similarly re-sublet apartment 1B without Board approval on October 23, 2002.

On August 1, 2001, the Board adopted new subletting rules, effective January 1, 2002 (the 2002 Rules). Among other things, the 2002 Rules restricted the subletting of apartments to two of every four years and imposed a 10% surcharge on every sublet. Plaintiff was served with 10-day notices to cure for the three apartments in May 2002, alleging that she was in violation of the proprietary leases in that she had sublet the Apartments without defendant's consent.

Plaintiff instituted this action in June 2002, seeking a declaration that she has an unconditional right to sublet the Apartments based upon a December 11, 1972 letter she received from Mr. Baumann, then chairman of the coop Board. That letter states: "This will confirm our conversations whereby we stated that the shareholders of the Cornasesk House Tenants Corporation are allowed to sublet [u]nconditionally their apartment(s) for the duration of their ownership." Both parties moved for summary judgment. In support of its motion, defendant argued that the actions of a coop board are protected by the business judgment rule. Also, defendant asserted that the 1972 letter conflicted with the provisions of the proprietary leases, and violated Business Corporation Law § 501 (c). Paragraph 15 of the proprietary leases states: "the Lessee shall not sublet the whole or any part of the apartment or renew or extend any previously authorized sublease, unless consent thereto shall have been duly authorized by a resolution of the Directors, or given in writing by a majority of the Directors or, if the Directors shall have failed or refused to give such consent, then by lessees owning at least 65% of the then issued shares of the Lessor. . . . There shall be no limitation on the right of Directors or lessees to grant or withhold consent, for any reason or for no

reason, to a subletting." Defendant argued that the 2002 Rules governed, and it requested attorneys' fees.

In support of her cross motion, plaintiff asserted that she purchased the apartments in reliance upon the representations in the 1972 letter. Plaintiff also affirmed that she regularly submitted sublet packages for Board approval and that defendant's motion was barred by waiver, estoppel and laches. Further, plaintiff argued that the 2002 Rules violated article 5.04 of defendant's bylaws by imposing a 10% surcharge on all sublets, and she sought attorneys' fees.

The IAS court held that plaintiff was bound by the terms of the proprietary leases to obtain the Board's consent before subletting or renewing any previously authorized sublet. It concluded that the 1972 letter afforded plaintiff no additional rights, as it conflicted with the terms of the leases as well as with Business Corporation Law § 501 (c), which requires that all shareholders of the same class be treated equally. The court found that plaintiff had violated her leases by subletting without Board approval, and it awarded defendant attorneys' fees.

However, the court determined that to the extent the 2002 Rules limit subleasing to two out of four years and impose a 10% surcharge on sublets, they are invalid. On that issue, the court stated: "Paragraph six of the leases provides that the 'form' of the lease cannot be changed unless the change is authorized by 75% of the lessor's shares then issued. Article 5.01 of defendant's by-laws, entitled 'Form of Lease,' includes subletting. Article 5.04, 'Fees on Assignment,' which also includes subletting, states that the Board may impose 'the proper fees of its attorneys and managing agent for services in connection therewith.' There is no provision for a surcharge. The court finds that the 2002 Rules, to the extent that they restrict the subletting of apartments to two (out of four) years and impose a 10% surcharge on subletting, represent an unauthorized change to the form of the leases and are in violation of paragraph six of the leases and Articles 5.01 and 5.04 of defendant's by-laws (*see Zimiles v Hotel Des Artistes*, 216 AD2d 45 [1995]; *Bailey v 800 Grand Concourse Owners*, 199 AD2d 1, 3 [1993])."

Plaintiff moved for renewal and reargument. In support, plaintiff raised, for the first time, a claim that it would have been futile for her to have attempted to obtain approval for her present sublets because of the 2002 Rules. The court denied renewal, but granted reargument. Persuaded by plaintiff's new argument, the court concluded that plaintiff had not violated the terms of her leases, and it awarded plaintiff attorneys' fees. We reverse.

The IAS Court improperly granted plaintiff reargument, as plaintiff had not shown how the motion court misconstrued relevant facts or misapplied governing law (CPLR 2221). Rather, plaintiff had abandoned her earlier contention that the 1972 letter exempted her from applying for approval prior to subletting the Apartments, and instead claimed that after the adoption of the 2002 Rules, any attempt to apply for approval of a sublease for her apartments would have been futile. Reargument is not available where the movant seeks only to argue "a new theory of law not previously advanced" (*Frisenda v X Large Enters.*, 280 AD2d 514, 515 [2001]; *see Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1992], *lv dismissed* 80 NY2d 1005 [1992]).

In addition, paragraph 15 of the proprietary leases accords the coop Board discretion to withhold consent to any sublease *for any reason or no reason at all*. This language affords the Board unfettered rights with respect to consideration of sublet applications (*Honig v St. George Tower & Grill Owners Corp.*, 217 AD2d 572 [1995]), and, absent a showing of a breach of fiduciary duty, the business judgment rule precludes judicial inquiry into the reasonableness of its determinations (*40 W. 67th St. v Pullman*, 100 NY2d 147 [2003]; *DeGall v 201 W. 21st St. Tenants Corp.*, 251 AD2d 238 [1998]). Were we to examine plaintiff's futility argument, we would find it to be without merit. Pursuant to paragraph 15 of the proprietary leases, any tenant whose application has been denied by the Board has the right to obtain approval of a sublet by seeking the consent of "lessees owning at least 65% of the then issued shares of the Lessor."

Plaintiff did not apply for Board approval or shareholder approval of the contested sublease applications, in violation of the express terms of her leases. Accordingly, we reverse the order appealed, deny the motion for reargument, and reinstate the IAS court's earlier order, entered September 9, 2003, including the award to defendant of attorneys' fees. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Sweeny, JJ.