RICHARD A. TOPOR et al., Respondents, v ERIE INSURANCE COMPANY, Appellant. [816 NYS2d 631]—

Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered May 27, 2005. The order, among other things, granted plaintiffs' motion for partial summary judgment on the issue of liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover under an insurance policy for the loss they sustained when the parapet of a building that they owned collapsed into the street. Plaintiffs thereafter moved for partial summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that the policy excludes coverage for loss caused by rotting, and the parapet collapsed because of rotting mortar joints in the brick wall. Although we agree with defendant that Supreme Court erred in granting plaintiffs' motion, we conclude that the court properly denied defendant's cross motion. We therefore modify the order accordingly.

Addressing first defendant's cross motion, we note that it is well established that "[a]n exclusion from policy coverage must be specific and clear in order to be enforced; the exclusion must be set forth ' "in clear and unmistakable" language' . . . . The burden is on the insurer to demonstrate that the exclusion applies in the particular case and that the policy language relied upon by the insurer in support of the exclusion is 'subject to no other reasonable interpretation' " (*McCarthy v New York Prop. Ins. Underwriting Assn.*, 158 AD2d 961, 962 [1990], quoting

*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]). "The construction and effect of a contract of insurance is a question of law to be determined by the court where[, as here,] there is no occasion to resort to extrinsic proof" (*Hartford Ins. Co. of Midwest v Halt*, 223 AD2d 204, 212 [1996], *lv denied* 89 NY2d 813 [1997], citing *Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172 [1973]). Any ambiguity in the insurance policy must be resolved against the insurer, its drafter (*see State of New York v Home Indem. Co.*, 66 NY2d 669, 671 [1985]). Defendant contends that damage caused by rotting is excluded from coverage under the policy and that the term "rotting" encompasses the deterioration of the mortar joints in the brick wall as a result of water infiltration and the freezing and thawing of that water. Plaintiffs interpret the policy exclusion for rotting as applying only to the deterioration of organic materials such as wood. We conclude that plaintiffs' interpretation is not unreasonable and, in construing the ambiguity against defendant, we agree with plaintiffs that the policy exclusion for damage caused by rotting does not apply to the deterioration of the mortar joints in the brick wall based on water infiltration and the freezing and thawing of that water. Consequently, the court properly denied defendant's motion for summary judgment dismissing the complaint based on that exclusion.

Nevertheless, we agree with defendant that plaintiffs failed to establish their entitlement to partial summary judgment and that the court therefore erred in granting their motion. " 'An insured seeking to recover for a loss under an insurance policy has the burden of proving that a loss occurred and also that the loss was a covered event within the terms of the policy' " (*Gongolewski v Travelers Ins. Co.*, 252 AD2d 569, 569 [1998], *lv denied* 92 NY2d 815 [1998]; *see Fernandes v Allstate Ins. Co.*, 305 AD2d 1065 [2003]). The evidence submitted by plaintiffs in support of their motion established that the collapse was caused by both the deterioration and loosening of the mortar joints in the brick wall based on water infiltration and the freezing and thawing of that water, and by the rotting of the wooden portion of the supporting structure of the parapet. On the record before us, plaintiffs conceded in opposing defendant's cross motion that the policy excludes damage caused by the rotting of wood, and plaintiffs submitted evidence in support of their motion establishing that the loss may have been caused at least in part by the rotting of wood. We thus conclude on the record before us that plaintiffs failed to meet their burden of establishing that the loss was covered under the policy as a matter of law.

Defendant's remaining contention is moot in light of our de-

termination. Present—Scudder, J.P., Kehoe, Smith, Green and Pine, JJ.