THE PARK COUNTRY CLUB OF BUFFALO, INC., Respondent, v TOWER INSURANCE COMPANY OF NEW YORK, Appellant. [893 NYS2d 408]—

Memorandum: Plaintiff commenced this action contending, inter alia, that defendant was required pursuant to the terms of its insurance contract with plaintiff to pay for the damages incurred to sand traps located on its property caused by flooding and to pay for plaintiff's loss of business income. Defendant appeals from an order that granted plaintiff's motion for partial summary judgment on the first cause of action, seeking damages with respect to the sand traps, and denied those parts of defendant's cross motion for summary judgment dismissing the first cause of action as well as the second cause of action, seeking damages for the loss of business income. We affirm.

Contrary to defendant's contention, we conclude that Supreme Court properly granted plaintiff's motion. " 'The construction and effect of a contract of insurance is a question of law to be determined by the court where[, as here,] there is no occasion to resort to extrinsic proof' " (*Topor v Erie Ins. Co.*, 28 AD3d 1199, 1200 [2006]) and, "[w]here an insurance policy is clear and unambiguous, it must be enforced as written" (*Woods v General Acc. Ins.*, 292 AD2d 802, 802 [2002]). We note in addition that " '[a]n insured seeking to recover for a loss under an insurance policy has the burden of proving that a loss occurred and also that the loss was a covered event within the terms of the policy' " (*Gongolewski v Travelers Ins. Co.*, 252 AD2d 569 [1998], *lv denied* 92 NY2d 815 [1998]; *see Fernandes v Allstate Ins. Co.*, 305 AD2d 1065 [2003]). We agree with the court that plaintiff met that burden with respect to the first cause of action (*cf. Topor*, 28 AD3d at 1200), and defendant failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The evidence submitted by plaintiff in support of its motion established that its sand traps were damaged by flooding. Section (A) (1) (e) of the security for golf courses—golf course grounds and outdoor property endorsement in the insurance policy specifically modified section A (1) of the policy to include

golf course sand traps within "Covered Property," and the flood endorsement specifically indicated that defendant would pay for damages to "Covered Property" caused by flood or surface waters. We agree with the court that the only reasonable interpretation of those endorsements is that the policy covers flood damage to plaintiff's sand traps, and we thus conclude that the court also properly denied defendant's cross motion with respect to the second cause of action, for loss of business income.

Finally, we reject defendant's further contention that the court erred in considering an affidavit submitted by plaintiff in its reply papers in support of the motion. A court may consider evidence submitted for the first time in reply papers where, as here, the opposing party had an opportunity to respond and submit papers in surreply (*see Hoffman v Kessler*, 28 AD3d 718 [2006]; *see also Fiore v Oakwood Plaza Shopping Ctr.*, 164 AD2d 737, 739 [1991], *affd* 78 NY2d 572 [1991], *rearg denied* 79 NY2d 916 [1992], *cert denied* 506 US 823 [1992]). Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.