■ SHELDRAKE RIVER REALTY, LLC, Appellant, v VILLAGE OF MAMARONECK, Respondent. [966 NYS2d 188]—

In an action to recover unpaid rent, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated November 10, 2011, which denied its motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint, and (2), as limited by its brief, from so much of an order of the same court dated February 8, 2012, as, upon reargument, adhered to the original determination in the order dated November 10, 2011.

Ordered that the appeal from the order dated November 10, 2011, is dismissed, as that order was superseded by the order dated February 8, 2012, made upon reargument; and it is further,

Ordered that the order dated February 8, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff is the owner of a vacant lot in Mamaroneck which is adjacent to real property occupied by the Mamaroneck Fire Department (hereinafter the Fire Department). From approximately 1999 until mid-2005, the defendant, the Village of Mamaroneck, paid rent to the plaintiff in the amount of $850 per month for the Fire Department's use of the lot for parking. In July 2005, the lot was sold, together with a parcel of land behind it, pursuant to a condominium offering plan (hereinafter the offering plan). The offering plan provided that, upon completion of construction, the lot would be deeded back to the plaintiff for the resumption of its use by the Fire Department as a rented parking area. The Village was not a party to the offering plan.

The plaintiff alleges that, upon completion of the condominium and reversion of the lot back to the plaintiff's ownership, the Fire Department resumed its use of the lot for parking. However, the Village did not resume making monthly payments to the plaintiff. The plaintiff commenced the instant action

seeking judgment against the Village in the amount of $39,000, with interest, representing unpaid rent in the amount of $1,000 per month from May 1, 2007, to the date of the complaint, June 6, 2010, pursuant to an alleged agreement between the parties dated on or about May 1, 2007.

The plaintiff moved for summary judgment on the issue of liability and the Village cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the Village's cross motion, on the ground that no lease existed between the plaintiff and the Village.

The plaintiff moved for leave to reargue its motion and its opposition to the Village's cross motion, contending that the Village was liable for use and occupancy. Upon reargument, the Supreme Court adhered to the original determination, on the ground that a cause of action sounding in use and occupancy was not pleaded in the complaint.

We agree with the Supreme Court that the Village established, as a matter of law, that no lease existed between the parties, the plaintiff failed to raise a triable issue of fact as to that issue, and no cause of action seeking recovery for use and occupancy was pleaded in the complaint. In seeking leave to reargue, the plaintiff raised the issue of use and occupancy. However, a motion for reargument is not available to advance a new theory of liability (*see DeSoignies v Cornasesk House Tenants' Corp.*, 21 AD3d 715, 716 [2005]).

Accordingly, upon reargument, the Supreme Court properly adhered to its original determination granting the Village's cross motion for summary judgment dismissing the complaint and denying the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Hall, Lott and Hinds-Radix, JJ., concur.