Memorandum: Plaintiff commenced this action to recover damages for injuries that she allegedly sustained when she tripped and fell in a hole in the grassy area between the curb and the paved portion of the sidewalk. The hole was covered with a piece of plywood and was located adjacent to a catch basin that was part of the storm water drainage system owned and maintained by defendant City of Fulton (City). Defendants moved for summary judgment dismissing the complaint, and plaintiff cross-moved for partial summary judgment on liability. Supreme Court denied the motion and cross motion, determining that plaintiff failed to provide the City with the requisite prior written notice of the danger presented by the hole, but that there are issues of fact whether the City engaged in affirmative acts of negligence. This appeal and cross appeal ensued.
We conclude that the court erred in denying defendants’ motion, and we therefore modify the order accordingly. Contrary to plaintiffs contention, the court properly determined that the City’s prior written notice requirement applies inasmuch as the area where the accident occurred is part of the sidewalk (see Castiglione v Village of Ellenville, 291 AD2d 769, 770 [2002], lv denied 98 NY2d 604 [2002]; Hall v City of Syracuse, 275 AD2d 1022, 1023 [2000]; see also Gallo v Town of Hempstead, 124 AD2d 700, 700 [1986]). Because the City established in support of its motion that it did not receive prior written notice, the burden shifted to plaintiff to demonstrate the applicability of an exception to that requirement (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]). We agree with defendants that the court erred in determining that plaintiff met that burden by establishing that such an exception applies, i.e., that the City was affirmatively negligent (see id.). Although plaintiff submitted a preaccident “work order” to the City for the location in *1067 question, she failed to adduce any evidence that the City placed the plywood over the hole in which she fell. Further, the City established that, in response to the “work order,” it dispatched an employee who testified that he inspected the area in question, found nothing wrong with it, and performed no work. Thus, plaintiff failed to raise an issue of fact “whether the City created a defective condition within the meaning of the exception” to defeat defendants’ motion {id.).
We disagree with our dissenting colleague’s interpretation of deposition testimony from a City Councilman with respect to which City department may have placed the plywood over the hole. In our view, a reading of the City Councilman’s entire testimony on that subject and in context establishes that the City Councilman had no personal knowledge of any repair and was simply speculating about which City department, theoretically, would be responsible for such a repair. Indeed, the City Councilman characterized his testimony on the latter point as a “guess.” Although the City Councilman submitted an errata sheet making certain corrections in his testimony with respect to the proper street address where the hole was located, we note that any factual discrepancy between his testimony and the corrections is irrelevant to our conclusion that he lacked personal knowledge of the repair and could offer only speculative testimony with respect to who placed the plywood over the hole.
Unlike our dissenting colleague, we cannot conclude that the deposition testimony of plaintiffs son aided plaintiff in raising an issue of fact whether the City placed plywood over the hole. Plaintiffs son admitted that he could not be sure whether the workers he saw at the intersection were employees of the City or Niagara Mohawk. Notably, he testified that he observed a worker engaged in repairing an overhead power line using a truck with a boom or lift to work at an elevated height. In any event, he further admitted that he could not “tell the difference” between the two types of workers. Given such testimony, a factual finding with respect to whom plaintiffs son observed at the intersection would necessarily be based on speculation (see generally Bernstein v City of New York, 69 NY2d 1020, 1021 [1987]; Fernandes v Allstate Ins. Co., 305 AD2d 1065, 1066 [2003]).
In contrast to the above speculative testimony, the City produced a witness with personal knowledge, i.e., the City employee who responded to the “work order” prior to the accident and whose onsite inspection revealed that there was no defect or hole in front of plaintiffs property — the address on the face of the “work order.” Both plaintiff and our dissenting colleague ignore that dispositive testimony.
*1068 The dissent’s theory, based on a lengthy chain of inferences concerning the City’s alleged use of the plywood as a temporary measure until the weather improved in the spring, is unpersuasive. The City’s wastewater and sanitary sewer collections systems supervisor testified that covering a hole with a piece of plywood is an “improper” practice, which he had never utilized or seen utilized. The City Commissioner of Public Works testified that the City’s “standard practice” in making temporary repairs of catch basin defects was to use a steel plate and that it was not his Department’s policy to use plywood.
Lastly, we consider our dissenting colleague’s reliance on the deposition testimony of plaintiffs neighbors to be misplaced. In our view, neither neighbor’s testimony raised an issue of fact whether the City placed the plywood over the hole. Contrary to the dissent’s statement that someone observed a cone from the City Department of Public Works in the hole, we note that one neighbor simply stated that “a cone” was in the hole, and the other stated that it was the type of cone that “everyone uses.” Neither neighbor testified that the cone belonged to the City or that a City employee placed the cone. In any event, plaintiff does not claim that placing a cone was an affirmative act of negligence.
All concur except Whalen, J., who dissents in part and votes to affirm in the following memorandum.