# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1093.1**
**CA 14-01165**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

AMBER C. BLAIR AND MARK C. BLAIR,
PLAINTIFFS-APPELLANTS,

V                                     MEMORANDUM AND ORDER

ALLSTATE INDEMNITY COMPANY, DEFENDANT-RESPONDENT.
(APPEAL NO. 2.)

---

DEMARIE & SCHOENBORN, P.C., BUFFALO (JOSEPH DEMARIE OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

GOLDBERG SEGALLA LLP, BUFFALO (BRIAN R. BIGGIE OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County
(Deborah A. Chimes, J.), entered November 25, 2013.  The order granted
plaintiffs' motion for leave to reargue and, upon reargument, adhered
to the original decision granting defendant's motion for summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiffs appeal from an order granting their
motion for leave to reargue and, upon reargument, adhering to the
prior decision granting defendant's motion for summary judgment
dismissing the amended complaint.  Plaintiffs commenced this action
for breach of contract, alleging that defendant breached its insurance
contract with plaintiffs by failing to provide coverage for water and
mold damage to the roof and interior of plaintiffs' home.  Defendant
denied coverage on the ground, inter alia, that the water intrusion
was not a "sudden and accidental" occurrence.

Generally, an insured seeking to recover for a loss under an
insurance policy has the burden of proving that a loss occurred and
also that the loss was a covered event within the terms of the policy
(*see Park Country Club of Buffalo, Inc. v Tower Ins. Co. of N.Y.*, 68
AD3d 1772, 1773).  An insurer moving for summary judgment, however,
has the initial burden of coming forward with admissible evidence
establishing that the loss was not a covered loss or that the loss was
excluded from coverage (*see Catalanotto v Commercial Mut. Ins. Co.*,
256 AD2d 883, 883-884; *Gongolewski v Travelers Ins. Co.*, 252 AD2d 569,
569, *lv denied* 92 NY2d 815).  Contrary to plaintiffs' contention,
defendant met its initial burden of establishing that the loss was not

a covered "sudden and accidental" occurrence, and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Thus, we conclude that, upon reargument, the court properly adhered to its original determination.

We do not reach plaintiffs' further contention, raised for the first time in their motion to reargue, that the water damage was the result of a "collapse" caused by the weight of ice and snow.  It is well settled that a motion to reargue is not available to advance a new theory of liability (*see Sheldrake Riv. Realty, LLC v Village of Mamaroneck*, 106 AD3d 1075, 1076; *DeSoignies v Cornasesk House Tenants' Corp.*, 21 AD3d 715, 718), or to present arguments different from those originally asserted (*see William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27, *lv dismissed in part and denied in part*, 80 NY2d 1005, *rearg denied* 81 NY2d 782; *Foley v Roche*, 68 AD2d 558, 567-568).

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court