Appeal from an order of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered November 25, 2013. The order granted plaintiffs’ motion for leave to reargue and, upon reargument, adhered to the original decision granting defendant’s motion for summary judgment.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs appeal from an order granting their motion for leave to reargue and, upon reargument, adhering to the prior decision granting defendant’s motion for summary judgment dismissing the amended complaint. Plaintiffs commenced this action for breach of contract, alleging that defendant breached its insurance contract with plaintiffs by failing to provide coverage for water and mold damage to the roof and interior of plaintiffs’ home. Defendant denied coverage on the ground, inter alia, that the water intrusion was not a “sudden and accidental” occurrence.
Generally, an insured seeking to recover for a loss under an insurance policy has the burden of proving that a loss occurred and also that the loss was a covered event within the terms of the policy (see Park Country Club of Buffalo, Inc. v Tower Ins. Co. of N.Y., 68 AD3d 1772, 1773 [2009]). An insurer moving for summary judgment, however, has the initial burden of coming forward with admissible evidence establishing that the loss was not a covered loss or that the loss was excluded from coverage (see Catalanotto v Commercial Mut. Ins. Co., 256 AD2d 883, 883-884 [1998]; Gongolewski v Travelers Ins. Co., 252 AD2d 569, 569 [1998], lv denied 92 NY2d 815 [1998]). Contrary to plaintiffs’ contention, defendant met its initial burden of establishing that the loss was not a covered “sudden and accidental” occurrence, and plaintiffs failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Thus, we conclude that, upon reargument, the court properly adhered to its original determination.
We do not reach plaintiffs’ further contention, raised for the first time in their motion to reargue, that the water damage was the result of a “collapse” caused by the weight of ice and snow. It is well settled that a motion to reargue is not available to advance a new theory of liability (see Sheldrake Riv. Realty, LLC v Village of Mamaroneck, 106 AD3d 1075, 1076 [2013]; *1225 DeSoignies v Cornasesk House Tenants’ Corp., 21 AD3d 715, 718 [2005]), or to present arguments different from those originally asserted (see William P. Pahl Equip. Corp. v Kassis, 182 AD2d 22, 27 [1992], lv dismissed in part and denied in part 80 NY2d 1005 [1992], rearg denied 81 NY2d 782 [1993]; Foley v Roche, 68 AD2d 558, 567-568 [1979]).
Present — Smith, J.E, Peradotto, Carni, Valentino and Whalen, JJ.