VanNostrand v New York Cent. Mut. Fire Ins. Co. (2020 NY Slip Op 05550)





VanNostrand v New York Cent. Mut. Fire Ins. Co.


2020 NY Slip Op 05550


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-11532
 (Index No. 6868/09)

[*1]Karen VanNostrand, etc., et al., respondents,
v
New York Central Mutual Fire Insurance Company, appellant.


Saretsky Katz & Dranoff, LLP, New York, NY (Patrick J. Dellay of counsel), for appellant.
Wittenstein & Associates, P.C., Brooklyn, NY (Harlan Wittenstein of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for the bad faith refusal to settle a personal injury claim, the defendant appeals from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered September 28, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
In 2000, the plaintiff Karen VanNostrand (hereinafter the plaintiff) commenced an underlying action against the plaintiff Mario Froehlich, among others, to recover damages for personal injuries she sustained in a September 1999 automobile accident. After a jury trial, she eventually obtained a judgment in the principal sum of $300,000. In exchange for the plaintiff agreeing not to seek recovery from Froehlich in excess of his liability insurance policy limit of $100,000, Froehlich assigned to the plaintiff his rights to any "bad faith" claim he may have against his insurer, the defendant, New York Central Mutual Fire Insurance Company.
The plaintiff and Froehlich thereafter commenced this action against the defendant, alleging that the defendant, in bad faith, refused to settle the underlying personal injury action within Froehlich's policy limit of $100,000. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, finding that the defendant failed to demonstrate, prima facie, that its conduct "did not constitute a gross disregard of the insured's interest." The defendant appeals.
"In order to establish bad faith in failing to settle a claim, the insured must show that 'the insurer's conduct constituted a "gross disregard" of the insured's interests—that is, a deliberate or reckless failure to place on equal footing the interests of its insured with its own interests when considering a settlement offer'" (Smith v Gen. Acc. Ins. Co., 91 NY2d 648, 653, quoting Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 453). "In other words, a bad-faith plaintiff must [*2]establish that the defendant insurer engaged in a pattern of behavior evincing a conscious or knowing indifference to the probability that an insured would be held personally accountable for a large judgment if a settlement offer within the policy limits were not accepted" (Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d at 453-454).
Here, the evidence submitted by the defendant in support of its motion for summary judgment established, prima facie, that, at all relevant times, the defendant had a rational basis for concluding that a jury in the underlying action could find that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, which would preclude her from recovery in the underlying action (see Insurance Law § 5104[a]). Specifically, the defendant monitored the plaintiff's claim in the underlying action and, among other things, retained expert physicians to examine the plaintiff and review the MRI films of her spine. One of the defendant's experts concluded, inter alia, that the alleged disc herniation at L5-S1 did not involve any root impingement. As far as the alleged disc herniation at C3-C4 was concerned, the defendant's expert found no herniation and, at most, a bulge. Moreover, it was undisputed that the plaintiff returned to work within one month of the accident and did not seek recovery for lost wages. It was further undisputed that as of November 2001, two years after the accident, and at the time of trial in April 2013, the plaintiff was not taking any medication or undergoing any further treatment. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint (see Dano v Royal Globe Ins. Co., 59 NY2d 827, 829-830; Little Princess Express Cab Corp. v American Tr. Ins. Co., 12 AD3d 266, 266-267; Monarch Cortland v Columbia Cas. Co., 224 AD2d 135, 137-138).
In light of our determination, we need not reach the defendant's remaining contention.
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court